UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEMETRIO J. FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>RK TRAILER REPAIR, INC. and FCS INDUSTRIES, INC.,<br><br>    Defendants. | CAUSE NO.: 2:19-CV-114-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss and Compel Arbitration [ECF No. 21], filed on May 17, 2019. For the reasons stated below, the Defendants' request is GRANTED.

**BACKGROUND**

On September 16, 2013, the Defendants hired the Plaintiff as a general manager. Compl. ¶ 8, ECF No. 1. On April 9, 2018, the Plaintiff was injured in a vehicle collision. *Id.* ¶ 9. On July 2, 2018, the Defendants terminated the Plaintiff's employment. *Id.* ¶ 20. On February 14, 2019, the Equal Employment Opportunity Commission issued the Plaintiff a notice of right to sue. *Id.* ¶ 23.

On March 22, 2019, the Plaintiff filed a Complaint [ECF No. 1] against the Defendants in which he alleges violations of the Federal Medical Leave Act (Count I) and the Americans with Disabilities Act (Count II). *Id.* pp. 6, 7; *see also* 29 U.S.C. § 2601; 42 U.S.C. § 12101. Regarding Count I, the Plaintiff alleges that the Defendants interfered "with [his] right to take FMLA leave by not allowing him to return to his position upon his return and terminating him on July 2, 2018." Compl. ¶ 29. Regarding Count II, the Plaintiff alleges that "he was terminated in violation

of the ADA in that he was perceived as disabled by [the Defendants] and was qualified to perform his job responsibilities under the ADA." *Id.* ¶ 33. The Plaintiff requests compensatory and punitive damages, attorney's fees and court costs, and all other just and proper relief. *Id.* pp. 7–8.

On May 17, 2019, the Defendants filed the instant Motion to Dismiss and Compel Arbitration [ECF No. 21]. The Defendants argue that the "Plaintiff's claims are barred by an arbitration agreement that is enforceable under the Federal Arbitration Act. Plaintiff's Complaint must be dismissed, and he must submit the claims to arbitration." Br. in Supp. of Mot. to Dismiss, p. 2, ECF No. 22; *see also* Ex. A., Company Policy and Arbitration Agreement, ECF No. 22-2; Ex. B., Employee Acknowledgment, Indemnification and Hold Harmless Agreement, p. 2, ECF No. 22-3; Ex. C., Employment, Non-Compete, Confidentiality and Indemnification Agreement, p. 6, ECF No. 22-4. In response, the Plaintiff only argues that the arbitration agreement is unenforceable because it (1) improperly limits his right to recover damages and (2) improperly precludes his right to appeal the arbitrator's decision. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss and to Compel Arbitration, pp. 2–4, ECF No. 23. In response, the Defendants argue that (1) the limitations on recovery do not render the agreement unenforceable and (2) their agreement for final and binding arbitration is enforceable. Defs.' Reply Br. in Supp. of Mot. to Dismiss and Compel Arbitration, pp. 2–4, ECF No. 24. This matter is fully briefed and ripe for ruling.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a claim for improper venue. Fed. R. Civ. P. 12(b)(3). A motion to dismiss based upon a forum selection clause, including an arbitration clause, is best conceptualized as an objection to venue.

*Auto. Mechs. Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). The district court may look beyond the pleadings when determining whether venue is proper. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809–10 (7th Cir. 2016); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir. 2011); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732–33 (7th Cir. 2005).

## ANALYSIS

In this case, the Defendants argue that the Plaintiff's claims are subject to binding arbitration. In response, the Plaintiff concedes that his claims fall within the scope of an otherwise valid arbitration agreement. However, the Plaintiff argues that the arbitration clause is unconscionable and unenforceable because it (1) improperly limits his right to recover damages and (2) improperly precludes his right to appeal the arbitrator's decision. For the reasons stated below, the Defendants' request for arbitration is granted.

The Federal Arbitration Act (FAA) "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). "The relevant language of the FAA provides that an arbitration clause in a contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 856–57 (7th Cir. 2015) (quoting 9 U.S.C. § 2). As indicated, arbitration agreements "may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Rent-A-Ctr.*, 561 U.S. at 68 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). "Whether the parties have validly agreed to arbitrate is governed by state law principles of contract formation." *Faulkenberg*, 637 F.3d at 809 (citing *Cont'l Cas. Co.*, 417 F.3d at 730). The parties do not discuss which state's laws should apply to the arbitration agreement, so the Court

3

will apply Indiana law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *see Faulkenberg*, 637 F.3d at 809.

Under Indiana law, substantive unconscionability refers to oppressively harsh and one-sided terms of a contract. *Missler v. State Farm Ins. Co.*, 41 N.E.3d 297, 303 (Ind. Ct. App. 2015) (citing *DiMizio v. Romo*, 756 N.E.2d 1018, 1023 (Ind. Ct. App. 2001)). "A contract is unconscionable if a great disparity in bargaining power exists between the parties, such that the weaker party is made to sign a contract unwillingly or without being aware of its terms." *Brumley v. Commonwealth Bus. Coll. Educ. Corp.*, 945 N.E.2d 770, 777 (Ind. Ct. App. 2011) (citing *Sandford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 417 (Ind. Ct. App. 2004)). "A contract is not unenforceable merely because one party enjoys advantages over another." *Sanford*, 813 N.E.2d at 417 (citing *Dan Purvis Drugs, Inc. v. Aetna Life Ins. Co.*, 412 N.E.2d 129, 131 (Ind. Ct. App. 1980)).

For example, in *Doe 1 v. Carmel Operator, LLC*, — N.E.3d —, —, No. 19A-CT-2191, 2020 WL 1270492, at *1–3 (Ind. Ct. App. Mar. 17, 2020), the plaintiff sued her nursing home for breach of contract and negligence. Thereafter, the defendants filed a motion to dismiss and compel arbitration. *Id.* at *4. The plaintiff argued that the terms of arbitration were unconscionable, but the trial court granted the defendants' motion. *Id.* On appeal, the plaintiff argued in pertinent part that the arbitration agreement was "substantively unconscionable because its terms requiring arbitration and prohibiting judicial review, requiring confidentiality of arbitration proceedings, and limiting damages [were] 'oppressively one-sided and harsh.'" *Id.* at *6. The Indiana Court of Appeals rejected this argument because "the terms of the agreement do not prohibit [the plaintiff] from seeking relief for her claims; they simply require that such

claims be decided in binding arbitration and not include claims for punitive or exemplary damages. The agreement is not substantively unconscionable." *Id*.

In this case, the Plaintiff argues that the arbitration agreement is unenforceable because it limits his ability to recover "certain statutorily conferred damages such as attorney's fees, liquidated damages, punitive damages, and equitable relief." Pl.'s Resp. to Defs.' Mot. to Dismiss and Compel Arbitration, p. 2, ECF No. 23. However, the Seventh Circuit has already rejected this argument. In *Carbajal v. H & R Block Tax Services, Inc.*, 372 F.3d 903, 904 (7th Cir. 2004), the plaintiff filed a lawsuit in which he alleged that H&R Block violated the Fair Debt Collection Practices Act when it withheld part of his tax refund to pay an earlier debt. The trial court granted H&R Block's request to compel arbitration pursuant to the parties' contractual agreement. *Id.* On appeal, the plaintiff argued in pertinent part that the arbitration agreement was unenforceable because it was incompatible with federal law—namely, the FDCPA allowed for the prevailing party to recover attorney's fees, while the arbitration agreement required the parties to bear their own costs. *Id.* at 906. The Seventh Circuit rejected this argument and concluded as follows:

> As for the contention that portions of this clause are incompatible with federal law—because, say, they require the parties to bear their own costs, while the FDCPA entitles prevailing litigants to recover attorneys' fees—there are two problems. First, the arbitrator rather than the court determines the validity of these ancillary provisions. Second, no general doctrine of federal law prevents people from waiving statutory rights (whether substantive or procedural) in exchange for other things they value more, such as lower prices or reduced disputation. Whether any particular federal statute overrides the parties' autonomy and makes a given entitlement non-waivable is a question for the arbitrator.

*Id.* at 906–07 (internal citations omitted); *see also Scaffidi v. Fiserv, Inc.*, 218 F. App'x 519, 521 (7th Cir. 2007). As such, the arbitration agreement is enforceable even though it limits recovery

to compensatory damages and requires that each party pay its own attorney's fees.[1] Also, notwithstanding his argument to the contrary, the arbitration agreement explicitly provides that the parties may petition the judicial system for injunctive and equitable relief. Ex. B., Employee Acknowledgment, Indemnification and Hold Harmless Agreement, p. 2, ECF No. 22-3.

Furthermore, to the extent that the Plaintiff is arguing that arbitration would be cost prohibitive because he cannot recover attorney's fees, the Court finds that this argument is "too speculative to justify the invalidation of an arbitration agreement." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). For example, the Plaintiff has not submitted any documentation showing that he is financially unable to pay the upfront costs of arbitration. Further, the arbitration agreement provides that, if the Plaintiff "is unable to pay any portion of its Arbitration expenses (excluding attorney fees), upon proof of same such as disclosure of bank records, checking and savings records, available credit, etc., Company shall forward the appropriate amount to the sole Arbitrator." Ex. C., Employment, Non-Compete, Confidentiality and Indemnification Agreement, pp. 6–7, ECF No. 22-4.

Finally, the arbitration agreement provides that, if "any of the requirements contained in this Agreement are held to be in conflict with a mandatory provision of an applicable law, the requirements shall be modified automatically to comply with the mandatory provision of the

---

[1] In support of his argument, the Plaintiff relies upon *McCaskill v. SCI Management Corp.*, 285 F.3d 623, 627 (7th Cir. 2002), where the Seventh Circuit concluded that an arbitration agreement was unenforceable because it limited a plaintiff's right to attorney's fees under federal law. However, this decision was later vacated. See *McCaskill v. SCI Mgmt. Corp.*, 294 F.3d 879 (7th Cir. 2002). Thereafter, the Seventh Circuit ruled that the arbitration agreement was unenforceable due to an attorney's concession at oral argument and declined to address whether a federal statute allowing for the recovery of attorney's fees could override an arbitration agreement to the contrary. *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002). The Seventh Circuit clarified that due to the vacation of *McCaskill*, 285 F.3d 623, it remained an open question "whether parties to a contract may agree to replace a fee-shifting system with the American Rule, whether the right party to make this decision is the arbitrator or the judge, and whether, if a contractual choice of the American Rule is indeed forbidden, this spoils the entire arbitration clause." *Metro East Ctr. for Conditioning and Health v. Qwest Commc'ns Int'l, Inc.*, 294 F.3d 924, 928 (7th Cir. 2002). However, as indicated above, these questions were answered in *Carbajal*, 372 F.3d at 906–07. As such, the Plaintiff's reliance on *McCaskill*, 285 F.3d at 627 is misplaced.

applicable law and the remainder of this Agreement shall not be affected." Ex. B., Employee Acknowledgment, Indemnification and Hold Harmless Agreement, p. 3, ECF No. 22-3. Thus, assuming for the moment that the arbitration agreement conflicts with any applicable provision of federal law regarding an award of attorney's fees or punitive damages, the Plaintiff will have the opportunity to present this argument to the arbitrator. Further, as mentioned above, "[w]hether any particular federal statute overrides the parties' autonomy and makes a given entitlement non-waivable is a question for the arbitrator." *Carbajal*, 372 F.3d at 907. Accordingly, the limitation of the Plaintiff's damages does not render the arbitration clause unconscionable. *See Carmel Operator, LLC*, —N.E.3d at —, 2020 WL 1270492, at *6 (finding that arbitration agreement which prohibited punitive damages was not unconscionable).

The Plaintiff also argues that the arbitration agreement is unenforceable because of "the inability to appeal an arbitrator's decision." Pl.'s Resp. to Defs.' Mot. to Dismiss and Compel Arbitration, p. 2, ECF No. 23. However, this argument is without merit because "if final and binding arbitration is to serve its purpose, it must be just that—final and binding. Arbitration would otherwise become little more than a procedural detour, without ultimate significance." *Dean v. Sullivan*, 118 F.3d 1170, 1171 (7th Cir. 1997). Furthermore, "[a]rbitration is just a forum; people may choose freely which forum will resolve their dispute. This is so when the agreement concerns venue within a judicial system, and equally so when the agreement specifies a non-judicial forum." *Carbajal*, 372 F.3d at 905 (internal citations omitted). Further, the terms of the arbitration appear to be clear and reasonable. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 777–79 (7th Cir. 2014) (refusing to enforce arbitration before the "Cheyenne River Sioux Tribal Nation" because it was "a sham and an illusion" with "no prospect of a meaningful and fairly conducted arbitration" (internal quotation marks omitted)); *Penn v. Ryan's Family Steak*

*Houses, Inc.*, 269 F.3d 753, 756, 758–61 (7th Cir. 2001) (refusing to enforce a "hopelessly vague and uncertain" arbitration agreement). Thus, the Plaintiff fails to demonstrate that the arbitration agreement is unconscionable based on an inability to appeal. *See Carmel Operator, LLC*, — N.E.3d at —, 2020 WL 1270492, at *6 (non-appealable arbitration was not unconscionable).

Thus, for the reasons stated above, the Plaintiff fails to demonstrate that the arbitration agreement is unconscionable under Indiana law. Furthermore, to the extent that the arbitration agreement may conflict with federal law regarding punitive damages and attorney's fees, the Plaintiff will have the opportunity to raise this issue during the arbitration process.

## CONCLUSION

Therefore, the Defendants' Motion to Dismiss to Dismiss and Compel Arbitration [ECF No. 21] is GRANTED. The Plaintiff's claims in this Court are DISMISSED without prejudice due to improper venue. The Plaintiff must submit his claims to the agreed arbitration process.

SO ORDERED on March 24, 2020.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT